UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., *et al.,*<br><br>Defendants. | Case No. 2:24-cv-00406<br><br>Hon. Judge James D. Cain, Jr.<br><br>Hon. Magistrate Judge Thomas P. LeBlanc<br><br>**DEFENDANTS' MOTION TO SET SCHEDULE TO RESPOND TO AMICUS BRIEF AND PROPOSED AMICIUS BRIEF, IF CONSIDERED BY THE COURT** |

Defendants move for an order allowing them to file responses of up to 7.5 pages each to the amicus brief submitted by the Center for LNG ("Center") and the proposed amicus brief offered by the American Petroleum Institute ("API"), to the extent the latter is permitted by the Court.[1] Defendants further request that their response to Center's amicus brief be due within 14 days of the Court granting this motion, and that their response to API's amicus brief be due within 14 days of the Court granting API's motion, should the Court decide to consider that amicus brief.

Plaintiffs and Defendants proposed carefully negotiated deadlines and page limits governing the parties' briefing on the premise that each party would be responding only to the other party's filings. *See* Joint Motion to Set Briefing Schedule and Extend Page Limits (ECF No. 30). Since the time that the Court approved the parties' proposed briefing schedule and page limits for this purpose (ECF No. 32), Center filed a motion to lodge an amicus brief (ECF No. 36), which the

---

[1] If the Court grants API's motion, Defendants may, with the Court's permission, file a consolidated 15-page response to both amicus briefs rather than filing separate 7.5-page responses.

Court granted (ECF No. 47). And on April 30, 2024, API moved for leave to file a separate amicus brief (ECF No. 53). Both the Center and API raise new arguments not contained in Plaintiffs' motion for preliminary injunction.[2] As the Center and API both raise new issues and are advocating for Plaintiffs' requested relief, as opposed to being neutral parties, Defendants should be afforded the opportunity to respond. Due to the page limits referenced above, Defendants were not fully able to address these amici arguments in their brief filed on May 6, 2024 (ECF No. 56).[3] Moreover, as of May 6th, Defendants did not know (and still do not know) whether the Court will grant API's motion. Defendants will not need to respond to API's proposed amicus brief if the Court denies API's motion.

Defendants' requested relief is consistent with the Local Rules. Though the Local Rules do not specifically address amicus briefs, Defendants believe that a fair reading of Local Rules 7.5 and 7.8 entitles them to respond to the substance of the 30-pages of argument collectively submitted by the Center and API. Nonetheless, Defendants request significantly fewer pages than would be allowed by Local Rules 7.5 and 7.8. Defendants only request 7.5 pages per response, as opposed to the 25 pages Local Rule 7.8 allows for responses. And Defendants propose that their response to Center's amicus brief be due within 14 days of the Court granting this motion and their response to API's amicus brief be due within 14 days of the Court granting API's motion, as opposed to the 21 days allowed for responses to motions under Local Rule 7.5.

Accordingly, Defendants respectfully request 14 days from the date the Court grants this motion to file a 7.5-page response to Center's amicus brief. Defendants further request 14 days

---

[2] *Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1358–59 (M.D. Ala. 1994) ("An amicus cannot initiate, create, extend, or enlarge issues.").

[3] Given the page limitations for its brief, Defendants were able to devote only a single footnote to one argument raised by amicus Center for LNG. In that footnote, Defendants "reserve[d] the right to seek leave to further respond in a separate filing.to the arguments raised in this amicus brief—and a separate proposed amicus brief recently lodged/filed by the American Petroleum Institute." ECF No. 56, at 47, n. 23.

from the date the Court rules on API's motion to file a 7.5-page response to that amicus brief, should the Court decide to consider that amicus brief. The requested relief should not interfere with any other scheduled deadlines or disrupt the June 20th hearing. If the Court approves any additional amicus briefs for filing pursuant to subsequent motions seeking amicus status, Defendants reserve the right to move for a briefing schedule and page limits for Defendants' response.

Defendants conferred with counsel for Plaintiffs about this motion, who advised Plaintiffs oppose.

Respectfully submitted this 15th day of May, 2024.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/ J. Scott Thomas

J. SCOTT THOMAS
KATHARINE LAUBACH
MAGGIE WOODWARD
Trial Attorneys
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553 (Thomas)
Telephone: (202) 305-8568 (Laubach)
Telephone: (202) 305-4224 (Woodward)
jeffrey.thomas2@usdoj.gov
katharine.laubach@usdoj.gov
maggie.woodward@usdoj.gov

JEFFREY N. CANDRIAN
Trial Attorney
Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, Colorado 80202
Ph: 303-844-1382 (Candrian)
Email: Jeffrey.candrian@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2024, I electronically filed **Defendants' motion to set schedule to respond to amicus brief(s)** with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

/s/ *J. Scott Thomas*
JEFFREY SCOTT THOMAS