## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

STATE OF LOUISIANA, *et al.,*

      Plaintiffs,

      v.

JOSEPH R. BIDEN, JR., *et al.,*

      Defendants.

Case No. 2:24-cv-00406

Hon. Judge James D. Cain, Jr.

Hon. Magistrate Judge Thomas P. LeBlanc

## ANSWER

Defendants answer the allegations in Plaintiffs' Complaint, Dkt. No 1.  The responses are numbered to correspond to the paragraphs in the Complaint. Defendants deny any of the Complaint's allegations, express or implied, that are not otherwise expressly admitted or denied.  Some of the topic headings used below are duplicated from Plaintiffs' Complaint and are inserted for ease of reference. Use of these topic headings below does not constitute an admission or acknowledgment by Defendants of their relevance or accuracy.

Throughout the complaint, Plaintiffs refer to an "LNG Export Ban." Defendants deny that an LNG export ban was ever in effect. Defendants admit that prior to the issuance of the preliminary injunction in this case, the Department of Energy ("DOE") temporarily deferred decisions on pending long-term liquefied natural gas ("LNG") export applications to countries with whom the United States has not entered into a free trade agreement ("non-FTA countries"), until completion of necessary study updates.

Throughout the Complaint, Plaintiffs use undefined terms that are vague and ambiguous.

Defendants object to the use of vague and ambiguous terms and have constructively denied certain allegations based on the use of these vague and ambiguous terms.  Alternatively, Defendants move for a more definite statement as to all vague and ambiguous terms.

## INTRODUCTION

1.      Defendants admit that President Biden and DOE announced a temporary pause on final authorizations on LNG-export applications to non-FTA countries on January 26, 2024.  Those announcements speak for themselves and are the best evidence of their contents.[1] Defendants deny the remaining allegations in this paragraph.

2.      Defendants deny the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      In the first sentence of Paragraph 4, Defendants admit the United States is a nation of laws.  "Administrative transparency" is undefined and vague, so Defendants deny those allegations on that basis.  The remaining allegations in Paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

5.      Defendants deny the allegations in Paragraph 5.

## PARTIES

6.       Defendants admit the first two sentences and the fourth sentence in Paragraph 6. The allegations in the third sentence constitute a legal conclusion, to which not response is required. The

---

[1] *See* The White House, FACT SHEET: Biden-Harris Administration Announces Temporary Pause on Pending   Approvals   of   Liquefied   Natural   Gas   Exports   (Jan.   26,   2024), https://www.whitehouse.gov/briefing-room/statements-releases/2024/01/26/fact-sheet-biden-harris-administration-announces-temporary-pause-on-pending-approvals-of-liquefied-natural-gas-exports/; U.S. Dep't of Energy, DOE to Update Public Interest Analysis to Enhance National Security, Achieve   Clean   Energy   Goals   and   Continue   Support   for   Global   Allies   (Jan.   26,   2024), https://www.energy.gov/articles/doe-update-public-interest-analysis-enhance-national-security-achieve-clean-energy-goals.

cited source in the third sentence of Paragraph 6 speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence are inconsistent with the source, they are denied.

7.      Defendants admit the allegations in the first sentence of Paragraph 7.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. The third sentence of Paragraph 7 is denied.

8.      Defendants admit the allegations in the first sentence of Paragraph 8. Regarding the allegations in the second sentence, Defendants admit that Treg Taylor is the Attorney General of the State of Alaska. Whether he is authorized under Alaska law to sue on the State's behalf is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

9.      Defendants admit the first and fourth sentences. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. The third sentence is denied. The fifth sentence constitutes a legal conclusion, to which no response is required. The statute cited in the fifth sentence of Paragraph 9 speaks for itself and is the best evidence of its contents.  To the extent the allegations of the fifth sentence are inconsistent with the statute, they are denied.

10.     Defendants admit the first sentence of Paragraph 10.  In the second sentence, Defendants admit that Ashley Moody is the Attorney General of the State of Florida.  The remaining allegations in Paragraph 10 are legal conclusions, to which no response is required.  The cited sources in Paragraph 10 speak for themselves and are the best evidence of their contents.  To the extent the allegations in the second and third sentences are inconsistent with the sources, they are denied.

11.     Defendants admit the first sentence in Paragraph 11 and deny the third sentence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

12.     Defendants admit the first, second and fourth sentences of Paragraph 12.  The third sentence is a legal conclusion to which no response is required.  The statute cited in the third sentence of Paragraph 12 speaks for itself and is the best evidence of its contents.  To the extent the allegations in the third sentence are inconsistent with the statute, they are denied.

13.     Defendants admit the first, second, and fourth sentences of Paragraph 13.  The third sentence is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the third sentence.

14.     Defendants admit the first sentence of Paragraph 14 and deny the third sentence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

15.     Defendants admit the first, second, and fourth sentences of Paragraph 15.  The third sentence is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the third sentence.

16.     Defendants admit the first, second, and fourth sentences of Paragraph 16.  The third sentence is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the third sentence.

17.     Defendants admit the first, second, and fourth sentences of Paragraph 17.  The third sentence is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the third sentence.

18.     Defendants admit the first sentence of Paragraph 18.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.  The remaining allegations in Paragraph 18 constitute legal conclusions to which no response is required.  The cited sources in Paragraph 18 speak for themselves and are the best evidence of their contents.  To the extent the remaining allegations in Paragraph 18 are inconsistent with the sources, they

are denied.

19.     Defendants admit the first, third, and fifth sentences of Paragraph 19.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. The fourth sentence is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the fourth sentence.  Defendants deny the sixth sentence.

20.     Defendants admit the first, second, and fourth sentences of Paragraph 20. The third sentence is a legal conclusion to which no response is required.  The cited sources in Paragraph 20 speak for themselves and are the best evidence of their contents.  To the extent the allegations in the third sentence are inconsistent with the sources, they are denied.

21.     Defendants admit the first, second, and fourth sentences in Paragraph 21.  The third sentence is a legal conclusion to which no response is required.  The statute cited in Paragraph 21 speaks for itself and is the best evidence of its contents.  To the extent the allegations in the third sentence are inconsistent with the statute, they are denied.

22.     As noted above, neither the President nor the Department of Energy ever announced an LNG Export Ban; accordingly, the allegations in Paragraph 22 are denied.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants admit that the United States Department of Energy is a federal agency whose responsibilities include liquefied natural gas export authorizations under the Natural Gas Act. The cited provisions from the United States Code and court decision speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 24 are inconsistent with the statute and/or court decision, they are denied.

25.     With respect to Paragraph 25, Defendants admit that Jennifer Granholm is the Secretary of the Department of Energy, a federal agency whose responsibilities include administering the natural gas regulatory program, including the LNG export program, under the Natural Gas Act, and that she

has been sued in her official capacity.  The statutes cited in Paragraph 25 speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the statutes, they are denied.

26.      Defendants admit the first and third sentences of Paragraph 26.  In the second sentence, Defendants deny there was an LNG Export Ban and also deny that Donald Turk had a role in promulgating and implementing the alleged ban.

27.      Defendants admit the allegations in Paragraph 27.

28.      Defendants admit the first, second, and third sentences of Paragraph 28.  The DOE Order and court case cited in the second sentence speak for themselves and are the best evidence of their contents.  To the extent the allegations in the second sentence are inconsistent with the DOE Order and court decision, they are denied.

29.      Defendants deny the first sentence in Paragraph 29, and aver that Amy Sweeney is the Director of the Office of Regulation, Analysis, and Engagement, within the Office of Fossil Energy and Carbon Management, a component of the Department of Energy. Defendants admit the second and third sentences.

## JURISDICTION AND VENUE

30.      Defendants deny the allegations in Paragraph 30.

31.      Defendants deny the allegations in Paragraph 31.

32.      Defendants deny the allegations in Paragraph 32.

## BACKGROUND

33.      Plaintiffs use of the phrase "shale gas boom" is vague and ambiguous, and Defendants do not have sufficient information or knowledge about the meaning of that phrase to form a response.

34.      In the first sentence of Paragraph 34, use of the phrases "the shale revolution" and "profound effect" are vague and ambiguous, and Defendants do not have sufficient information or

knowledge about the meaning of these phrases to form a response.  Defendants admit that the American Gas Association web page cited in support of the second sentence of Paragraph 34 states that "[n]early 187 million Americans use natural gas" and that "[m]ore than 4.1 million jobs are connected to the natural gas industry."

35.     Defendants admit that the United States became the world's largest exporter of LNG in 2023. The article cited in Paragraph 35 is the best evidence of its contents and to the extent the remaining allegations are inconsistent with the article, they are denied.

36.     Defendants admit Paragraph 36.

37.     Defendants admit Paragraph 37.

38.     Defendants admit the allegations in the first sentence of Paragraph 38.  The allegations in the second sentence quote an article from a website.  That article is the best evidence of its contents, and to the extent the allegations in the second sentence are inconsistent with the article, they are denied.

39.     As to the first sentence in Paragraph 39, Defendants, to the best of their knowledge, believe it is accurate that companies have spent billions of dollars on LNG production and export; however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in the first half of the first sentence that reads: "In reliance on the longstanding LNG statutory and regulatory framework," and therefore deny that allegation.  As to the allegations in the second sentence of paragraph 39, Defendants admit that operating LNG export capacity in the United States is currently just over 14 billion cubic feet per day of natural gas.  For any remaining allegations, the cited Energy Information Administration ("EIA") website is the best evidence of its contents and to the extent the allegations are inconsistent with the website, they are denied.

40.     In the first sentence of Paragraph 40, use of the phrase "economic engine" is vague and ambiguous, and Defendants do not have sufficient information or knowledge about the meaning of this phrase to form a response Paragraph 40 purports to quote from and otherwise characterizes the

contents of a paper prepared for the American Petroleum Institute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the paper, they are denied.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, which are Plaintiffs' characterization of the natural gas market and the economics of that market. The reports cited in Paragraph 41 are the best evidence of their contents, and to the extent the allegations in Paragraph 41 are inconsistent with the reports, they are denied.

42.     Defendants admit that the Supreme Court's decision in *Nat'l Ass'n for Advancement of Colored People v. Fed. Power Comm'n*, 425 U.S. 662, 669–70 (1976) states: "In the case of the [Federal] Power and [Natural] Gas Acts it is clear that the principal purpose of those Acts was to encourage the orderly development of plentiful supplies of electricity and natural gas at reasonable prices," but also aver that the Supreme Court recognized "other subsidiary purposes contained in these Acts," including "conservation, environmental, and antitrust." *Id.* Defendants deny the allegations in the second sentence of Paragraph 42, as phrased.

43.     The allegations in Paragraph 43 are quotes from the Natural Gas Act and a case, to which no response is required. The Natural Gas Act and the case speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Natural Gas Act or the case, they are denied. The allegations in Footnote 1 are quotes from a case, the Natural Gas Act, and agency delegation orders, to which no response is required. These documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with cited authorities, they are denied

44.     Defendants deny that the public interest finding is subject to a substantial interest standard of review and aver that Section 717r(b) instead states that "The finding of [DOE] as to the

facts, if supported by substantial evidence, shall be conclusive." The remainder of Paragraph 44 consists of legal conclusions to which no response is required. Specifically, the allegations in Paragraph 44 are Plaintiffs' characterization of the language of Sections 717b(a) and 717r(b) of the Natural Gas Act, which are the best evidence of their contents and speak for themselves. To the extent the allegations are inconsistent with the language of the Natural Gas Act or the cited cases, they are denied.

45.     Paragraph 45 contains legal conclusions to which no response is required. The allegations in the first two sentences of Paragraph 45 purport to quote and paraphrase from cases and the Natural Gas Act, which speak for themselves, are the best evidence of their contents, and require no response. To the extent the allegations are inconsistent with the Natural Gas Act or the cited cases, they are denied. The allegations in the third sentence of Paragraph 45 are Plaintiffs' characterization of the text of the Natural Gas Act and Congress' policy choices, to which no response is required. To the extent a response is required, and the allegations are inconsistent with the Natural Gas Act, they are denied.

46.     Paragraph 46 contains legal conclusions to which no response is required. Specifically, the allegations in Paragraph 46 are Plaintiffs' characterization of the language of the Natural Gas Act, which speaks for itself, and is the best evidence of its contents, To the extent a response is required, and the allegations are inconsistent with the Natural Gas Act, they are denied. The second sentence in Paragraph 46 is also vague and ambiguous and Defendants deny the allegations on that basis.

47.     Paragraph 47 contains legal conclusions to which no response is required. Specifically, Plaintiffs characterize 15 U.S.C. § 717f(e) as compared to § 717b. These statutory provisions speak for themselves, are the best evidence of their contents. To the extent a response is required and the allegations in Paragraph 47 are inconsistent with the statute or cited case law, they are denied.

48.     Defendants admit that Congress, through the Energy Policy Act of 2005 added provisions to the Natural Gas Act regarding LNG terminals. The remainder of Paragraph 48 contains

legal conclusions to which no response is required.  Specifically, Paragraph 48 characterizes Pub. L. 109-58, § 311, 119 Stat. 685-88 (Aug. 8, 2005) (codified at 15 U.S.C. § 717b(e)), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, the allegations are denied.

49.     Paragraph 49 is Plaintiffs' characterization of the Secretary of Energy's authority under the Natural Gas Act as it pertains to applications for LNG exports, and thus no response is required. To the extent a response is required and the allegations are inconsistent with the Natural Gas Act, they are denied. As to Footnote 2, Defendants admit that there are currently 18 countries with which the United States has in place free trade agreements ("FTAs") that require national treatment for trade in natural gas for purposes of the Natural Gas Act.  These 18 countries are: Australia, Bahrain, Canada, Chile, Colombia, the Dominican Republic, El Salvador, Guatemala, Honduras, Jordan, Mexico, Morocco, Nicaragua, Oman, Panama, Peru, Republic of Korea, and Singapore.  There also are two countries — Israel and Costa Rica — that have FTAs with the United States that do not require national treatment for trade in natural gas for purposes of the Natural Gas Act.  Defendants otherwise deny the allegations in Footnote 2.  $

50.     Paragraph 50 is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny Paragraph 50.

51.     Defendants admit Paragraph 51.

52.     Whether a statutory interpretation is "correct" is a legal opinion that does not require a response.  The "correctness" of a statutory interpretation is also vague and ambiguous. To the extent a response is required, Defendants deny a particular statutory interpretation is "correct".  The rest of Paragraph 52 is Plaintiff's characterization of the 2023 Petition Denial Order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 52 are inconsistent with the 2023 Petition Denial Order, they are denied.

53.     Defendants admit that, in its prior decisions on non-FTA export applications, DOE

has looked to certain principles enunciated in the cited 1984 Policy Guidelines.  The remaining allegations in Paragraph 53 and Footnote 3 are characterizations and quotes attributed to cases and the 2023 Petition Denial Order, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 53 are inconsistent with the 2023 Petition Denial Order and cited caselaw, they are denied.

54.     Defendants admit that DOE has not updated the 1984 Policy Guidelines via rulemaking and continues to adhere to its long-standing policy of gathering the necessary information and conducting case-by-case adjudications.

55.      Defendants agree they attempt to "implement the Natural Gas Act" in the "best way." Beyond that, the allegations in Paragraph 55 are characterizations and quotes attributed to the 2023 Petition Denial Order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 55 are inconsistent with the 2023 Petition Denial Order, they are denied.

56.     Defendants admit the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 are characterizations and quotes attributed to a DOE Order and related court decision, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 57 are inconsistent with the DOE Order and the court decision, they are denied.

58.     Defendants admit the allegations in the first sentence of Paragraph 58.  In the second sentence, Defendants admit that DOE relies in part on the environmental analysis conducted by FERC, where one is available; however, to avoid ambiguity, DOE avers that it does not <u>exclusively</u> rely on the FERC's environmental analysis. *See Sierra Club v. United States Dep't of Energy*, 867 F.3d 189, 192 (D.C. Cir. 2017) ("the Department was independently required to consider the environmental impacts of its export authorization decision under NEPA and determine whether it satisfied the Natural Gas Act's 'public interest' test."). The second sentence of Paragraph 58 cites *Sierra Club I*, a decision which speaks

11

for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with *Sierra Club I*, they are denied.  The use of the undefined term of "exhaustive" is vague and ambiguous and Defendants deny the remainder of the allegations in the second sentence of Paragraph 58 on that basis.  Defendants admit the third sentence of Paragraph 58.  The allegations in Footnote 4 are Plaintiffs' opinions and/or Plaintiffs' characterizations of DOE's actions and require no response; however, to the extent a response is required, they are denied.

59.     Defendants admit that DOE's case-by-case adjudicatory process for considering LNG export applications to non-FTA countries allows DOE to consider multiple public interest factors, including, but not limited to, energy security, which may include the consideration of geopolitics. For the second and third sentences of Paragraph 59, Defendants admit the quotations from the referenced DOE orders are accurate and deny the allegations to the extent that they are inconsistent with those quotations.

60.     The term "unsurprisingly" is vague and ambiguous, and Defendants deny any allegation implied by that term.  Defendants admit that since the United States became a net exporter of natural gas in 2017, DOE has never denied an LNG export application to non-FTA countries, finding that each authorized export was not inconsistent with the public interest.  The cited orders speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the cited orders, they are denied.

61.     Paragraph 61 characterizes a DOE Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the DOE Order, they are denied.

62.     Paragraph 62 characterizes a DOE order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the DOE order, they are denied.

63.     Paragraph 63 characterizes a DOE order, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DOE order, they are denied.

64.     Paragraph 64 characterizes a DOE order, which appears to be *Freeport LNG Expansion, L.P.*, *et al.*, DOE/FECM Order No. 4961, cited in Paragraph 65.  That order speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the DOE order, they are denied.

65.     Paragraph 65 characterizes a DOE order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the DOE order, they are denied.

66.     Paragraph 66 characterizes a DOE order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the DOE order, they are denied.

67.     With respect to the first sentence of Paragraph 67, Defendants admit that "the Department has taken a case-by-case approach," and that, to date, DOE has not denied a non-FTA LNG export application on public interest grounds.  The second and third sentence of Paragraph 67 appear to constitute Plaintiffs' characterization of the Natural Gas Act and its origins, to which no response is required; however, to the extent a response is required, the allegations are denied.  The terms "unsurprising" and "usually" are also vague and ambiguous and Defendants deny the allegations in the second and third sentences on that basis. The fourth and fifth sentences of Paragraph 67 constitute Plaintiffs' vague and overly broad characterization of unnamed "studies" by DOE and others, and Defendants deny the allegations on that basis.  To the extent Plaintiffs are referring to specific DOE studies, those studies speak for themselves and are the best evidence of their content.

68.     Defendants admit that Paragraph 68 correctly quotes from a Letter from Majority Staff

Members of the Subcommittee on Energy, Climate, and Grid Security, which speaks for itself and is the best evidence of its content.

69.     Defendants admit that DOE released the Macroeconomic Study cited in Paragraph 69.  The remainder of the first sentence characterizes that Macroeconomic Study, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the study, they are denied.  Defendants admit that the quote in the second sentence of Paragraph 69 is correct.

70.     Defendants admit that the DOE released the study referenced in Paragraph 70.  Paragraph 70 characterizes that study, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the study, they are denied.

71.     Defendants admit the first sentence of Paragraph 71.  The remaining allegations in Paragraph 71 characterize and offer quotes from various documents, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these documents, they are denied.

72.     The allegations in Paragraph 72 are overly broad, vague, and ambiguous, and Defendants deny them on that basis.  To the extent Plaintiffs are characterizing the Energy Information Administration's findings in any of its published *Annual Energy Outlooks*, those reports speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' allegations are inconsistent with any of the published *Annual Energy Outlooks*, they are also denied on that ground.

73.     The allegations in Paragraph 73 purports to quote from EIA's *Annual Energy Outlook 2023*, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that report, they are denied.

74.     Paragraph 74 contains an opinion about unspecified environmental groups' motivation(s) for unspecified legal challenges.  Defendants lack information sufficient to form a belief

as to the truth of the allegations in Paragraph 74.

75.     Defendants admit Paragraph 75.

76.     The first sentence of Paragraph 76 is Plaintiffs' characterization of legal arguments made by the Sierra Club.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.   As for the quotations and case citations in the remainder of Paragraph 76, the court decisions speak for themselves and are the best evidence of their contents. To the extent any allegations are inconsistent with the court decisions, they are denied.

77.     Paragraph 77 characterizes the court decisions in *Sierra Club I and Sierra Club II*, which speak for themselves and are the best evidence of their contents.  To the extent any allegations are inconsistent with the court decisions, they are denied.

78.     Defendants admit that, on April 8, 2013, several environmental organizations— including Sierra Club, Center for Biological Diversity, Delaware Riverkeeper Network, Friends of the Earth, and Environment America—submitted a "Petition for Rulemaking Regarding Natural Gas Export Policy" to DOE under Administrative Procedure Act section 553(e) and asked DOE "to promulgate new regulations or guidance defining the process by which it will consider applications to export liquefied natural gas (LNG)" under Natural Gas Act section 3.  The remainder of the allegations in the first sentence of Paragraph 78 are Plaintiffs' characterizations of "D.C. Circuit opinions" and DOE's 2023 Petition Denial Order.  Those documents speak for themselves and are the best evidence of their content.  To the extent any allegations are inconsistent with those documents, they are denied.

79.     Paragraph 79 characterizes statements by environmental groups in legal filings and statements from the DOE's 2023 Petition Denial Order, which speak for themselves and are the best evidence of their content.  To the extent any allegations are inconsistent with the environmental groups' legal filings or DOE's 2023 Petition Denial order, they are denied.

80.     Paragraph 80 characterizes statements from DOE's 2023 Petition Denial Order summarizing requests made by environmental groups.  DOE's 2023 Petition Denial Order speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

81.     Paragraph 81 characterizes statements from DOE's 2023 Petition Denial Order summarizing requests made by environmental groups.  DOE's 2023 Petition Denial Order speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

82.     Paragraph 82 characterizes statements from DOE's 2023 Petition Denial Order summarizing requests made by environmental groups.  DOE's 2023 Petition Denial Order speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

83.     Paragraph 83 characterizes statements from DOE's 2023 Petition Denial Order summarizing requests made by environmental groups.  DOE's 2023 Petition Denial Order speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

84.     Defendants admit Paragraph 84.

85.     Paragraph 85 characterizes statements from DOE's 2023 Petition Denial Order, which speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

86.     Paragraph 86 characterizes statements from DOE's 2023 Petition Denial Order, which speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

87.     Defendants admit that DOE's 2023 Petition Denial Order rejected a petition to

16

promulgate new regulations or guidance defining the process by which DOE will consider applications to export LNG under Natural Gas Act section 3. The remainder of Paragraph 87 characterizes statements from DOE's 2023 Petition Denial Order, which speaks for itself and is the best evidence of its content. To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

88.     Paragraph 88 characterizes statements from DOE's 2023 Petition Denial Order, which speaks for itself and is the best evidence of its content. To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

89.     Paragraph 89 characterizes statements from DOE's 2023 Petition Denial Order, which speaks for itself and is the best evidence of its content. To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

90.     The first sentence of Paragraph 90 characterizes statements from DOE's 2023 Petition Denial Order, which speaks for itself and is the best evidence of its content. To the extent any allegations in the first sentence are inconsistent with the 2023 Petition Denial order, they are denied. Defendants deny the second sentence of Paragraph 90.

91.     Paragraph 91 characterizes statements from DOE's 2023 Petition Denial Order, which speaks for itself and is the best evidence of its content. To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

92.     Paragraph 92 characterizes statements from DOE's 2023 Petition Denial Order, which speaks for itself and is the best evidence of its content. To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied.

93.     Paragraph 93 selectively quotes DOE's 2023 Petition Denial Order out of context. Defendants admit that DOE declined to revise its 1984 policy guidelines, and therefore it had no reason (at that time) to pause case-by-case adjudications of DOE export applications to accommodate such a

revision (*see* 2023 Petition Denial at 5, 27-28).  To the extent any remaining allegations in Paragraph 93 are inconsistent with the 2023 Petition Denial, they are denied.

94.     Defendants admit that Paragraph 94 accurately quotes from DOE's 2023 Petition Denial, but deny that it labeled the quoted language as a "summary of its decision."

95.     Defendants deny Paragraph 95.

96.     Defendants admit that President Biden released a statement on January 26, 2024, that included the statement that "My Administration is announcing today a temporary pause on pending decisions of Liquefied Natural Gas exports – with the exception of unanticipated and immediate national security emergencies."

97.     The first sentence of Paragraph 97 characterizes statements released by President Biden and DOE on January 26, 2024, which speak for themselves and are the best evidence of their content.  To the extent any allegations are inconsistent with these statements, they are denied. Defendants deny the allegations in the second sentence.

98.     Defendants read the term "decision" in the first sentence of Paragraph 98 as referring to DOE's January 26, 2024 statement on its web site.  As such, the allegations are Plaintiffs' characterization of DOE's January 26, 2024, statement, which speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the statement, they are denied.  To the extent the term "decision" does not refer to the January 26, 2024 statement, it is vague and ambiguous, and Defendants therefore deny those allegations. The last sentence of Paragraph 98 is denied.

99.     Paragraph 99 characterizes the White House's January 26, 2024, Fact Sheet ("Fact Sheet"), which speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the Fact Sheet, they are denied.  The last sentence of Paragraph 99 is denied.

100.     Paragraph 100 characterizes a January 27, 2024, White House web post, which speaks

for itself and is the best evidence of its content.  To the extent any allegations constitute the Plaintiffs' opinion of the web post or are otherwise inconsistent with the web post, they are denied.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence Paragraph 101.  To the extent any allegations are inconsistent with the article, they are denied.  Defendants deny the second sentence.

102.    Paragraph 102 characterizes a DOE web post, which speaks for itself and is the best evidence of its content.  To the extent any allegations are inconsistent with the web post, they are denied.

103.    With respect to the allegations in the first sentence of Paragraph 103, Defendants deny that there was ever an "LNG Export Ban" in effect.  With respect to the second sentence of paragraph 103, Defendants aver that its January 26, 2024 announcement to defer decisions on pending non-FTA export applications until completion of necessary study updates is not a "rule" under the Administrative Procedure Act and, therefore, no rulemaking docket was required nor opened.  As to the third sentence of Paragraph 103, Defendants deny that public comment was required and thus admit that no public comment was called for prior to the January 26, 2024 announcement.  As to the fourth sentence of paragraph 103, Defendants aver that the January 26, 2024 announcement served to put the public on notice.  The last sentence of Paragraph 103 is denied.

104.    Defendants deny Paragraph 104 and aver that Secretary Granholm has testified before the Committee on Oversight and Accountability, U.S. House of Representatives on May 23, 2024 that DOE estimates that the update will be completed by the end of the first quarter of 2025.

105.    Defendants deny the first sentence of Paragraph 105. As to the second and third sentence of Paragraph 105, Defendants deny that their actions represent a "break from a longstanding position" or that they were inconsistent with the Natural Gas Act, any other law, or DOE's regulatory practice.

19

106.     As to the allegations in the first sentence of Paragraph 106, Defendants admit that DOE denied the 2023 Rulemaking Petition; but Defendants deny that the "rulemaking petition [was] seeking precisely the same action." The second and third sentences purport to characterize the July 2023 Order, which speaks for itself and is the best evidence of its content. To the extent any allegations are inconsistent with the 2023 Petition Denial order, they are denied. Defendants deny the last sentence in Paragraph 106.

107.     The first sentence of Paragraph 107 is vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the second sentence.

108.     Defendants object to the allegations in the first sentence of paragraph 108 as vague and ambiguous and deny them on those grounds. Defendants also deny that there ever was an "LNG Export Ban" and that the article referenced in the second sentence supports the conclusion that the January 26, 2024, announcement by DOE stems from in part from "international pressure." Defendants admit the quoted language in the second sentence but aver that the next sentence in that interview, which stems from a National Public Radio interview with a White House official, further states that "This temporary pause gives us the time to do the economic and environmental analysis to measure twice, to make sure that we're understanding the implications of the future potential buildout of this long-life infrastructure." The remaining allegations in Paragraph 108 are Plaintiffs' characterizations of the National Public Radio interview, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the transcript of the interview, they are denied. Further, Defendants deny the allegation in the last sentence of Paragraph 108 as it misconstrues the interviewee's response, which indicated that the studies will be completed and will then be used to inform case-by-case adjudications consistent with DOE's practice.

109.     Defendants deny the allegations in the first sentence of Paragraph 109 because the allegations are conjecture and there is no "LNG Export Ban." For the second and third sentences of

Paragraph 109, the cited article speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the article, they are denied.

110.    Paragraph 110 characterizes an article that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the article, they are denied. Moreover, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter that the article is reporting on and therefore deny the allegations.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants deny the allegations in the first and last sentences of Paragraph 114. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph.

115.    Defendants deny the allegations in the first sentence of Paragraph 115. The allegations in the second, third, and fifth sentences in Paragraph 115 offer Plaintiffs' characterization of the Outer Continental Shelf Lands Act and the Mineral Leasing Act, which require no response, and the statutes' applicability to Plaintiffs, which is a legal conclusion that also requires no response. These statutes are the best evidence of their contents and to the extent that Plaintiffs' allegations are inconsistent with these statutes, the allegations are denied. The fourth, sixth, and seventh sentences in Paragraph 115 quote a website and two Congressional Research Service reports, respectively.  The website and the reports are the best evidence of their contents and to the extent that Plaintiffs' allegations are inconsistent with the website and the reports, the allegations are denied.

116.    Defendants deny the allegations in the first sentence of Paragraph 116. The remaining allegations in Paragraph 116 are Plaintiffs' characterization of the U.S. Energy Information Administration's website, which speaks for itself and is the best evidence of its contents. To the extent

the allegations are inconsistent with the website, they are denied.

117.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 117. The allegations in the second sentence in Paragraph 117 include a quote from an LNG export application filed by Lake Charles Exports, LLC, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the export application, they are denied.  Defendants deny the allegations in the third sentence.

118.     Defendants deny the allegations in the first sentence in Paragraph 118. Regarding the allegations in the second sentence in Paragraph 118, Defendants admit only that, prior to the issuance of the preliminary injunction in this case, DOE deferred decisions on pending non-FTA export applications until completion of necessary study updates.  DOE further admits that five pending non-FTA export applications with operating or proposed projects in Louisiana were affected by this deferral (or temporary pause) prior to the issuance of the preliminary injunction.  The remaining allegations in the second sentence are denied. The allegations in the third sentence in Paragraph 118 offer a quote from a news article, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the news article, they are denied. The allegations in the fourth sentence of Paragraph 118 are denied.

119.     Defendants deny the allegations in Paragraph 119.

120.      Defendants deny the allegations in the first sentence in Paragraph 120.  Defendants admit that the allegations in the second and fourth sentences accurately quote U.S. Energy Information Administration webpages.  The allegations in the third sentence are vague and Defendants deny them on that basis. As to the allegations in the third sentence, the cited U.S. Energy Information Administration webpage in the third sentence is the best evidence of its content and speaks for itself. To the extent the allegations are inconsistent with the cited webpage, they are denied.

121.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121.

122.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122.

123.    Defendants admit the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegation in Paragraph 125.

126.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences in Paragraph 126.  Defendants deny the allegations in the last sentence of Paragraph 126.

127.    Defendants deny the allegations in the first sentence in Paragraph 127.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 127.

128.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 128.  Defendants deny the allegations in the last sentence of Paragraph 128.

129.    Defendants deny the allegations in the first sentence in Paragraph 129. Defendants also deny that there was an "LNG Export Ban" in effect and therefore deny that the "LNG Export Ban will cost jobs" and that tax revenue in Kansas will "be at risk if the [E]xport [B]an moves forward" on that ground. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 129.

130.    Defendants deny the allegations in the first and last sentences of Paragraph 130.  As to the second sentence, Defendants admit that the U.S. EIA website states that "[t]he electric power sector accounts for slightly more than two-thirds of Mississippi's natural gas consumption, and the

23

sector's natural gas use has increased by nearly 50% over the past decade." Defendants admit the third and fourth sentences in Paragraph 130.

131.    Defendants deny the allegations in the first, second, and third sentences in Paragraph 131. Defendants admit that the cited and other US EIA sources appear to support the allegations in the fourth, fifth, sixth, and seventh sentences in Paragraph 131. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 131.

132.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132.

133.    Defendants deny the allegations in the first sentence of Paragraph 133.  As to the second sentence, Defendants admit that the U.S. EIA website states that Nebraska produced 295 million cubic feet of natural gas in 2022 but deny that Nebraska produced "more than" 295 million cubic feet of natural gas. Defendants admit the remaining allegations in Paragraph 133 except Plaintiffs' characterization of Nebraska as "integral to the interstate pipeline system," which constitutes Plaintiffs' opinion and is otherwise vague and ambiguous.  Any cited sources in Paragraph 133 are the best evidence of their content and speak for themselves. To the extent the allegations are inconsistent with the cited sources, they are denied.

134.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134.  Defendants also object to Plaintiffs' use of the term "risks," which is vague and ambiguous.

135.    Defendants deny the allegations in the first sentence of Paragraph 135.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 135.

136.    Defendants deny the allegations in the first sentence in Paragraph 136. Defendants admit that the cited U.S. EIA webpages support the allegations that in 2022 "Oklahoma was the nation's

fifth-largest producer of marketed natural gas," and that in 2022 "Oklahoma's natural gas marketed production was more than 2.7 trillion cubic feet." Any cited sources in Paragraph 136 are the best evidence of their content and speak for themselves. To the extent the allegations are inconsistent with the cited sources, they are denied.

137.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137.  Defendants also object to Plaintiffs' use of the term "risks," which is vague and ambiguous.

138.    Defendants deny the allegations in the first sentence in Paragraph 138.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 138.

139.    Defendants deny the allegations in the first and last sentences in Paragraph 139. Defendants admit that the U.S. EIA website appears to support the allegations in the second sentence that "Natural gas is the second-highest source of energy consumed in South Carolina" during 2021 and 2022.  Defendants admit the remaining allegations in Paragraph 139, with the caveat that cited sources are the best evidence of their content and speak for themselves.  To the extent the allegations are inconsistent with the cited sources, they are denied.

140.    Defendants deny the third sentence of Paragraph 140.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 140. Defendants object to Plaintiffs' use of the phrase "pronounced impact" in the first sentence of Paragraph 140 because it is vague and ambiguous.

141.    Defendants admit that "Texas is the nation's leading producer of both crude oil and natural gas," with the caveat that cited sources are the best evidence of their content and speak for themselves.  To the extent the allegations are inconsistent with the cited sources, they are denied. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in Paragraph 141.

142.    Defendants admit the first and fifth sentence in Paragraph 142. Defendants deny the remaining allegations in Paragraph 142.

143.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143.

144.    Defendants deny the allegations in the last sentence in Paragraph 144.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 144.

145.    Defendants deny the allegations in the first and second sentences of Paragraph 145. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants lack sufficient knowledge or information to respond to Plaintiffs' vague characterization that West Virginia "sits atop the most prolific natural gas formation in the world," and deny that allegation on that basis.  Defendants admit that the U.S. EIA website states that "West Virginia is the nation's fourth-largest producer of marketed natural gas" and suggests that West Virginia "accounts for about seven percent of the nation's total natural gas production." However, the cited sources are the best evidence of their content and speak for themselves. To the extent the allegations are inconsistent with the cited sources, they are denied.

148.    Defendants admit the allegation in the third sentence of paragraph 148 that the first LNG facility in the country was constructed in 1912 in West Virginia.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 148.

149.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 149.

150.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150.

151.     Defendants deny the allegations in Paragraph 151.

152.     Defendants deny the allegations in the first, fourth, and fifth sentences of Paragraph 152.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 152.

153.     Defendants deny the allegations in the first sentence in Paragraph 153.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 153.

154.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154.

155.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentence in Paragraph 155 and therefore deny them. Defendants deny the allegations in the third sentence in Paragraph 155.

156.     Defendants deny the allegations in Paragraph 156.

**CLAIMS FOR RELIEF**

**COUNT I**

157.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

158.     Defendants deny Paragraph 158.

159.     Defendants admit that the quoted language in Paragraph 159 is from 5 U.S.C. § 706(2)(A) & (C) of the APA but does not reflect the entire language found in those sections.

160.     Defendants deny the allegations in the first sentence of Paragraph 160.  In the second sentence, Defendants admit they temporarily paused final decisions on pending LNG applications to

27

non-FTA countries to update important studies underpinning the Natural Gas Act's public interest analysis but deny 15 U.S.C. § 717(b) precludes the temporary pause or that the temporary pause results in DOE "declin[ing] to consider applications."  In the third sentence, Defendants admit DOE must make a public interest determination on applications but deny that the temporary pause equates to DOE failing to "consider applications.  Defendants deny the fourth sentence.

## COUNT II

161.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

162.     Defendants admit Paragraph 162.

163.     Defendants admit that the quoted language in Paragraph 163 comes from the cited source, which is the best evidence of its contents.

164.     Defendants admit that the quoted language in the first sentence in Paragraph 164 comes from the cited source, which is the best evidence of its contents.  Defendants deny that the second sentence in Paragraph 164 is an accurate characterization of the cited source.

165.     Defendants admit that the quoted language in Paragraph 165 comes from the cited source, which is the best evidence of its contents.

166.     Paragraph 166 contains selective quotes and purports to paraphrase from the cited court case. The case is the best evidence of its contents and to the extent the allegations are inconsistent with the case, they are denied.

167.     Defendants deny there was, or is, an LNG Export Ban.  However, Defendants admit that LNG exports, generally, are an important issue, that LNG exports account for billions of dollars and thousands of jobs, that exports implicate national security, and that exports have been the subject of proposed legislation and public attention.

168.     The allegations in Paragraph 168 are vague and ambiguous and Defendants lack

28

sufficient knowledge or information to form a belief as to the truth of those allegations .

169.     Defendants deny Paragraph 169.

## COUNT III

170.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

171.     Defendants admit that Paragraph 171 correctly quotes 5 U.S.C. § 706(2)(D) of the APA.

172.     Defendants admit that the first sentence of 5 U.S.C. § 553(c) states "After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation."

173.     Defendants admit that the quoted language in Paragraph 173 comes from the cited source and that this passage in the case discusses "notice and comment."

174.     Defendants admit that the quoted language in Paragraph 174 comes from the cited sources.

175.     Paragraph 175 contains legal conclusions, to which not response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 175 and specifically aver that the challenged actions are not subject to the APA. The cited judicial opinions, which speak for themselves and provide the best evidence of their content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinions.

176.     Defendants deny the allegations in Paragraph 176.

177.     Defendants deny the allegations in Paragraph 177.

178.     Defendants deny the allegations in Paragraph 178.

179.     Defendants deny the allegations in Paragraph 179.

180.     Paragraph 180 constitutes Plaintiffs' characterization of the cited judicial opinions,

which speaks for themselves and provide the best evidence of their content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinions. To the extent the allegations could be considered factual, they are denied.

181.     Defendants deny the allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

183.     Paragraph 183 constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 183.

184.     Defendants admit that the quoted language in Paragraph 184 comes from the cited source.

## COUNT IV

185.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

186.     Defendants admit the allegations in Paragraph 186.

187.     The allegations in Paragraph 187 constitute Plaintiffs' characterization the cited judicial opinions, which speaks for themselves and provide the best evidence of their content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinions.

188.     Defendants deny the allegations in Paragraph 188.

189.     Defendants deny the allegations in Paragraph 189.

## COUNT V

190.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

191.     Defendants admit the allegations in Paragraph 191.

192.     The allegations in Paragraph 192 constitute Plaintiffs' characterization of the cited judicial opinions, which speak for themselves and provide the best evidence of their content. Defendants

deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinions.

193.    The allegation in Paragraph 193 constitutes Plaintiffs' characterization the cited judicial opinion, which speaks for itself and provides the best evidence of its content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinion.

194.    The allegations in Paragraph 194 constitute Plaintiffs' characterization of the cited judicial opinions, which speak for themselves and provide the best evidence of their content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinions.

195.    The allegations in the first sentence of Paragraph 195 constitute a legal conclusion and no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence.  In the second and third sentences, Plaintiffs characterize and quote the cited judicial opinions, which speak for themselves and provide the best evidence of their content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinions.

196.    Defendants admit that the quoted language in Paragraph 196 comes from the cited source.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198.

**COUNT VI**

199.    Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

200.    Defendants admit the allegations in Paragraph 200.

201.    The allegations in Paragraph 201 constitute Plaintiffs' characterization of the cited judicial opinion, which speaks for itself and provides the best evidence of its content. Defendants deny

any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinion.

202.    Defendants deny the allegations in Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.    Defendants deny the allegations in Paragraph 204.

205.    Defendants deny the allegations in Paragraph 205.

206.    Defendants deny the allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207.

208.    Defendants deny the allegations in Paragraph 208.

**COUNT VII**

209.    Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

210.    The allegations in Paragraph 210 constitute Plaintiffs' characterization of the cited judicial opinion, which speaks for itself and provides the best evidence of its content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinion.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants deny the allegations in Paragraph 212.

**COUNT VIII**

213.    Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

214.    Defendants admit that the quoted language in Paragraph 214 comes from the cited source.

215.    Defendants deny the allegations in Paragraph 215.

216.    Defendants deny the allegations in Paragraph 216.

**COUNT IX**

217.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

218.     The allegations in Paragraph 218 constitute Plaintiffs' characterization of the cited judicial opinion, which speaks for itself and provides the best evidence of its content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinion.

219.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 219.  The allegations in third sentence in Paragraph 219 constitute Plaintiffs' characterization of the cited judicial opinions, which speak for themselves and provide the best evidence of their content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinions.

220.     Defendants deny the allegations in Paragraph 220.

**COUNT X**

221.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

222.     Defendants admit that the quoted language in Paragraph 222 comes from the cited source.

223.     Defendants deny the allegations in Paragraph 223.

**COUNT XI**

224.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

225.     Defendants deny the allegations in the first, second, fourth, and fifth sentences in Paragraph 225. The third sentence in Paragraph 225 is a quotation from a judicial opinion, which speaks for itself and provides the best evidence of its content. Defendants deny any allegations that are contrary

to the plain meaning, language, and context of the cited judicial opinion. Plaintiffs cite several cases, which are the best evidence of their content. To the extent the allegations conflict with the cases, they are denied.

226.     Defendants deny the allegations in the first sentence in Paragraph 226. The allegations in the second sentence of Paragraph 226 constitute Plaintiffs' characterization the cited judicial opinion, which speaks for itself and provides the best evidence of its content. Defendants deny any allegations that are contrary to the plain meaning, language, and context of the cited judicial opinion.

227.     Defendants admit that they temporarily paused final authorizations on pending LNG applications to non-FTA applications to update vital economic and environmental studies.  Defendants deny the remaining allegations in Paragraph 227.

## COUNT XII

228.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

229.     Defendants deny the allegations in the first sentence of Paragraph 229. The remaining allegations in Paragraph 229 constitute Plaintiffs' characterization of the Congressional Review Act (CRA) and legal argument, which requires no response. The CRA is the best evidence of its contents. To the extent the allegations conflict with the CRA, they are denied.

230.     Defendants deny the allegations in Paragraph 230.

231.     Paragraph 231 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 231. Plaintiffs also cite a case, which is the best evidence of its contents. To the extent the allegations conflict with the case, they are denied.

232.     Defendants deny the allegations in Paragraph 232.

**COUNT XIII**

233.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

234.     Defendants admit that Paragraph 234 is a partial quote from the APA.

235.     The allegations in Paragraph 235 constitute Plaintiffs' characterization of case law regarding unreasonable delay claims, which requires no response. The cases are the best evidence of their contents. To the extent the allegations conflict with the cases, they are denied.

236.     Defendants deny the allegations in Paragraph 236.

**COUNT XIV**

237.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

238.     Defendants admit the allegations in Paragraph 238 partially quote the U.S. Constitution, which requires no response. The Constitution is the best evidence of its contents. To the extent the allegations conflict with the Constitution, they are denied.

239.     Defendants deny the allegations in Paragraph 239.

240.     The allegations in the first sentence of Paragraph 240 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendants deny the allegations in the second sentence.

241.     The allegations in Paragraph 241 constitute Plaintiffs' characterization of their claim, which requires no response.  To the extent a response is required, the allegations are denied.

**COUNT XV**

242.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

243.     Defendants deny the allegations in Paragraph 243.

244.     The allegations in Paragraph 244 constitute legal conclusions to which no response is required.  To the extent a response is required, they are denied.

## COUNT XVI

245.     Defendants incorporate by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

246.     The allegations in Paragraph 246 constitute legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

247.     Defendants deny the allegations in Paragraph 247.

## PRAYER FOR RELIEF

Plaintiff's Complaint has a prayer for relief requesting various forms of relief. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or to any other judgment or relief in their favor.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses:

1.     Some or all Plaintiffs lack standing as to some or all of their claims.

2.     The Court lacks subject matter jurisdiction over Plaintiffs' claims due to the exclusive jurisdiction of the courts of appeals under the Natural Gas Act.

3.     The Court lacks subject matter jurisdiction over Plaintiffs' claim under Section 706(2) of the APA (Counts I-XI, XIV) for lack of final agency action.

4.     Plaintiffs' claims fail to state a claim upon which relief may be granted.

Respectfully submitted this 10th day of September, 2024.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

United States Department of Justice

/s/ *J. Scott Thomas*

J. SCOTT THOMAS
KATHARINE LAUBACH
MAGGIE WOODWARD
Trial Attorneys
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553 (Thomas)
Telephone: (202) 305-8568 (Laubach)
Telephone: (202) 305-4224 (Woodward)
jeffrey.thomas2@usdoj.gov
katharine.laubach@usdoj.gov
maggie.woodward@usdoj.gov

THOMAS SNODGRASS
JEFFREY CANDRIAN
Trial Attorneys
Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, Colorado 80202
Ph: 303-844-1382 (Candrian)
Email: Jeffrey.candrian@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, I electronically filed **Defendants' Answer** with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

*/s/ J. Scott Thomas*
JEFFREY SCOTT THOMAS